|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>:<br>DOMINGO VASQUEZ,                                         :<br>                                                                              :<br>                                       Petitioner,             :<br>                                                                              :<br>               -v-                                                        :<br>                                                                              :<br>UNITED STATES OF AMERICA,                       :<br>                                                                              :<br>                                      Respondent.          :<br>------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: July 11, 2016<br><br>13-cr-58 (KBF)<br>16-cv-3871 (KBF)<br><br>OPINION & ORDER |

KATHERINE B. FORREST, District Judge:

The Court has reviewed petitioner Domingo Vasquez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that his conviction and sentence must be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness under the Due Process Clause. (Mot., 13-cr-58, ECF No. 571; 16-cv-3871, ECF No. 1.)[1]  Although not sentenced pursuant to the ACCA, Vasquez contends that this Court should extend the reasoning of Johnson to his conviction on Count Three of his Indictment on the basis that the residual clause contained in the underlying statute, 18 U.S.C. § 924(c)(3), suffers from the same defect.

Vasquez's motion must be denied for two reasons.  First, Vasquez waived his right to file a § 2255 motion pursuant to his plea agreement with the Government to the extent that the Court imposed a sentence within or below the stipulated

---

[1] Unless otherwise noted, all citations to ECF in this Opinion & Order refer to the docket in case no. 13-cr-58.

Guidelines range—the Court did so.  Second, as numerous courts have already concluded, the logic and reasoning of Johnson does not extend to the residual clause of § 924(c)(3), and therefore Vasquez's challenge fails on the merits.  Accordingly, Vasquez's motion is DENIED.

I.   BACKGROUND

On January 10, 2013, Vasquez was charged in a sealed complaint with several co-defendants in three counts, as follows: (1) Count One charged conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, (2) Count Two charged conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and (3) Count Three charged Vasquez with using, carrying or possessing a firearm, or aiding and abetting the use, carrying and possession of a firearm, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Compl., ECF No. 1.)  Vasquez and his co-defendants were subsequently charged in the same three counts in an indictment on January 23, 2013 (the "Indictment").  (Indictment, ECF No. 24.)

On August 29, 2013, Vasquez pled guilty to Counts Two and Three of the Indictment pursuant to a plea agreement with the Government.  (See Plea Tr., ECF No. 192; Mot., Ex. A, ECF No. 571.)  At his plea hearing, Vasquez affirmed that he understood that, pursuant to his plea agreement, if he pleaded guilty he would be giving up his right to file a direct appeal, a collateral challenge (including a petition for habeas corpus), or a motion for a sentence modification to the extent that the Court sentenced him within the Guidelines range that he stipulated to with the

Government.  (Plea Tr. at 21:4-22:7.)  That stipulated Guidelines range called for a total period of imprisonment between 101 months to 111 months.  (Plea Tr. at 19:2-10.)  Vasquez subsequently affirmed that he believed he was guilty of Counts Two and Three, which respectively charged him with (A) conspiracy to commit a Hobbs Act robbery and (B) the use, carrying and possession of a firearm or aiding and abetting the use, carrying and possession of a firearm in furtherance of the charged robbery conspiracy; the factual basis for Vasquez's guilty plea was that he agreed with others to commit a robbery and entered a car knowing that it was going to travel to a place that was being robbed and knew that someone would have a gun and that the gun would be used to assist in the robbery.  (Plea Tr. at 24:12-19.)  Vasquez subsequently entered pleas of guilty to Counts Two and Three.  (Plea Tr. at 28:5-10.)  Thus, although the narcotics conspiracy charged in Count One could have served as a sufficient predicate to support Vasquez's guilty plea with respect to Count Three, Vasquez did not plead guilty to that charge, nor did he plead guilty to possessing or aiding and abetting the possession of a firearm in furtherance of a narcotics conspiracy.  Rather, Vasquez's guilty plea in relation to Count Three rested on his using, carrying and possessing a firearm or aiding and abetting the use, carrying and possession of a firearm in furtherance of the charged Hobbs Act robbery conspiracy.

     On December 4, 2013, Vasquez appeared before the Court for sentencing.  (See Sentencing Tr., ECF No. 350.)  At sentencing, the Court explained—as it had at Vasquez's plea hearing—that Vasquez's sentence for Count Three carried with it

a nondiscretionary mandatory minimum sentence of 60 months' imprisonment (and a maximum term of life imprisonment) that had to be imposed consecutively to whatever sentence the Court imposed with respect to Count Two. (Sentencing Tr. at 17:24-18:4; see also Plea Tr. at 13:25-14:2.) The Court further explained that, pursuant to the Court's Guidelines calculation (which was identical to that stipulated in his plea agreement), Vasquez's offense level with respect to Count Two was 18 and his Criminal History Category was IV, resulting in a Guidelines range of 41 months to 51 months for that Count. (Sentencing Tr. at 19:4-9.) The Court sentenced Vasquez principally to a term of 46 months' imprisonment on Count Two, to be followed by a consecutive sentence of 60 months' imprisonment on Count Three. (Sentencing Tr. at 26:10-24; Judgment, ECF No. 260.)

Vasquez did not file a direct appeal of his conviction.[2] On May 24, 2016, Vasquez filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 571.)

II.   DISCUSSION

Vasquez argues that his conviction and mandatory consecutive 60-month sentence on Count Three for violation of 18 U.S.C. § 924(c)(1)(A)(i) were illegally imposed on the ground that, following the reasoning of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause of § 924(c) is unconstitutionally vague. See United States v. Williams, 553 U.S. 285, 304

---

[2] As stated above, Vasquez had waived his right to file a direct appeal to the extent that his sentence fell within or below the Guidelines range to which he had stipulated in his plea agreement. Vasquez's sentence of 106 months' imprisonment fell within the stipulated Guidelines range of 101 months to 111 months.

4

(2008) (explaining that the vagueness doctrine holds that a criminal statute is invalid when it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement"). Vasquez's motion must be denied both because he waived his right to bring this challenge and because his argument fails on the merits.

    A.    <u>Waiver of Appeal Rights</u>

"Waivers of the right to appeal a sentence are presumptively enforceable." <u>United States v. Arevalo</u>, 628 F.3d 93, 98 (2d Cir. 2010). "A knowing and voluntary waiver of the right to litigate pursuant to Section 2255 is also valid and enforceable." <u>United States v. Martinez</u>, No. 09-CR-1022 (KMK), 2014 WL 7146846, at *5 (S.D.N.Y. Dec. 12, 2014); <u>see also</u> <u>Frederick v. Warden, Lewisburg Corr. Facility</u>, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."). Waivers of appeal rights are unenforceable "only in very limited situations, 'such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.'" <u>Arevalo</u>, 628 F.3d at 98 (quoting <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 319 (2d Cir. 2000)).

Pursuant to his plea agreement with the Government, Vasquez waived his right to file a direct appeal, a collateral challenge, or otherwise seek a sentence

5

modification of any sentence within or below the Guidelines range stipulated to in his plea agreement, which was 101 months to 111 months. (See Plea Tr. at 21:4-22:7.) As Vasquez himself acknowledges, that is exactly what he seeks to do here (Mot. at 18); the Court sentenced Vasquez to 106 months' imprisonment, which fell in the middle of his Guidelines range. Accordingly, Vasquez's motion must be denied because he waived his right to litigate pursuant to Section 2255, and he has not overcome the presumption that his waiver was made knowingly and voluntarily, nor has he made any assertion or showing that this case falls into the rare group of situations in which a waiver pursuant to a plea agreement has been found unenforceable. This conclusion is consistent with recent Second Circuit precedent holding that a waiver provision in a plea agreement foreclosed a defendant's efforts to make a Johnson challenge to his Guidelines calculation on appeal. United States v. Blackwell, No. 15-1031, 2016 WL 3190569, at *2 (2d Cir. June 1, 2016) (summary order).

> B. Vasquez's Challenge on the Merits

Even if Vasquez had not waived his right to file a motion pursuant to § 2255, his claim that his conviction and sentence pursuant to § 924(c) are unconstitutional nonetheless fails on the merits. In order to provide the necessary context for resolution of Vasquez's motion, the Court first lays out the statutory framework for § 924(c) and the Supreme Court's Johnson decision, and then explains why Johnson's logic does not extend here.[3]

---

[3] There are two potential independent grounds for denying Vasquez's motion on the merits—the first is that the logic of Johnson does not extend to the residual clause at issue—§ 924(c)(3), and the

1. <u>18 U.S.C. § 924(c)</u>

18 U.S.C. § 924(c) makes it unlawful to use or carry a firearm in furtherance of a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute imposes a mandatory minimum sentence of five years, to be served consecutively to any punishment imposed in relation to the predicate crime. 18 U.S.C. § 924(c)(1(A)(i). The term "crime of violence" is defined in another provision, § 924(c)(3). That section defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is commonly referred to as the "force clause," while subsection (B) is commonly referred to as the "residual clause." <u>United States v. Dervishaj</u>, No. 13-CR-0668 (ENV), 2016 WL 1019357, at *2 (E.D.N.Y. Mar. 14, 2016). Vasquez challenges only the constitutionality of the residual clause, to which the Court focuses its attention.

Courts employ a "categorical approach" to determine whether a criminal act qualifies as a predicate crime of violence as defined under the residual clause of § 924(c)(3); accordingly, a court must "focus on the intrinsic nature of the offense rather than on the circumstances of a particular crime." <u>United States v. Ivezaj</u>, 568 F.3d 88, 95 (2d Cir. 2009) (citing <u>United States v. Acosta</u>, 470 F.3d 132, 135 (2d

---

second is that even if <u>Johnson</u> does apply, Vasquez nonetheless cannot benefit from that determination because his conviction was not based on application of the residual clause. Because the Court concludes that Vasquez fails at the first step, the Court does not reach the second question.

Cir. 2006)). "The categorical approach requires a court to consider an offense 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" United States v. Van Mead, 773 F.3d 429, 432 (2d Cir. 2014) (quoting Begay v. United States, 553 U.S. 137, 141 (2008)).

      2.     Johnson Decision

In Johnson v. United States, the Supreme Court considered the constitutionality of a provision of the Armed Career Criminal Act that created a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already had three prior convictions for violent felonies and/or serious drug offenses. Johnson, 135 S. Ct. at 2555; see 18 U.S.C. § 924(e)(1). In § 924(e)(2)(B), the ACCA defined a "violent felony" as a crime punishable by imprisonment for a term exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Like § 924(c)(3), the ACCA's definition of a "violent felony" included both a "force clause" and a "residual clause," and courts applied the same "categorical approach" to determine if a criminal act qualified as a predicate offense. Johnson, 135 S. Ct. at 2557. As is the case with Vasquez's motion here, the defendant in Johnson argued that the residual clause—which the Supreme Court had already considered in four prior decisions—was void for vagueness. Id. at 2556. The Court held that it was.

The Supreme Court invalidated the ACCA's residual clause based on a combination of two features that the Court stated "may be tolerable in isolation," but were unconstitutional in tandem. Id. at 2557. The first feature was that the residual clause, by relying on a categorical approach, left "grave uncertainty about how to estimate the risk posed by a crime." Id. The second feature was that the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because the statute left courts to "apply an imprecise 'serious potential risk' standard to . . . a judge-imagined abstraction." Id. at 2558. The Supreme Court concluded that this uncertainty was compounded by the fact that the word "otherwise" in § 924(e)(2)(B) forced courts to interpret the term "serious potential risk" in light of the statute's list of four enumerated crimes that were "far from clear in respect to the degree of risk each pose[d]." Id. The Court further observed that § 924(e)(2)(B)'s "hopeless indeterminacy" was also demonstrated by the Court's "repeated attempts and repeated failures to craft a principled and objective standard" out of the statute in the four prior decisions in which it was called upon to interpret the language of § 924(e)(2)(B). Id.

    3.    Application of Johnson to 18 U.S.C. § 924(c)

Vasquez contends that his conviction and sentence on Count Three must be vacated on the ground that the language in § 924(c)(3) is similar to that in § 924(e)(2)(B), which the Supreme Court invalidated in Johnson. For the reasons set forth below, § 924(c)(3) is materially distinguishable from § 924(e)(2)(B) such that it is not unconstitutionally vague. Accordingly, Vasquez's motion lacks merit.

As discussed above, <u>Johnson</u> invalidated the residual clause in § 924(e)(2)(B) only after finding that two features, when considered in tandem, rendered the statute unconstitutionally vague.  Although the residual clause in § 924(c)(3) requires courts to apply the same categorical approach that the Supreme Court took issue with in relation to § 924(e)(2)(B), see <u>Ivezaj</u>, 568 F.3d at 95, the statute does not suffer from the second feature that proved fatal in <u>Johnson</u>.  Its language creates far less uncertainty with respect to the degree of risk it takes for a crime to qualify as a "crime of violence."  Section 924(c)(3)'s definition of "crime of violence" is narrower and more determinate than § 924(e)(2)(B)'s definition of "violent felony" for several reasons.

First, § 924(c)(3)'s "substantial risk" standard is narrower than § 924(e)(2)(B)'s "serious potential risk" standard, which, by combining the words "potential" and "risk," references "the possibility of a possibility— the chance of a chance."  <u>Dervishaj</u>, 2016 WL 1019357, at *7.  Whereas § 924(e)(2)(B) "confusingly seeks to identify an occurrence that is more 'remote than a simple risk,' the firearms residual clause in § 924(c)(3)(B) is tied to a familiar 'substantial' risk standard."  <u>Id.</u> (quoting <u>James v. United States</u>, 550 U.S. 192, 207 (2007)).

Second, unlike § 924(e)(2)(B), § 924(c)(3) does not contain a confusing list of enumerated crimes through which a court must analyze the term "substantial risk." The Supreme Court in <u>Johnson</u> specifically observed that the ACCA's list of enumerated crimes—including burglary, arson, extortion and crimes involving the use of explosives—complicated the interpretation of "serious potential risk" because

these offenses were "far from clear in respect to the degree of risk each poses." Johnson, 135 S. Ct. at 2558.

Third, the residual clauses differ in that § 924(c)(3) focuses on the risk of "physical force" whereas § 924(e)(2)(B) focuses on the risk of "physical injury." This is significant because the "qualitative risk of harm necessary to bring the alleged offense conduct within the orbit of the residual clause's proscription" is a narrower and clearer inquiry with respect to § 924(c)(3). Dervishaj, 2016 WL 1019357, at *6. Courts have observed that the universe of crimes involving a substantial risk of injury is far broader than those involving a substantial risk of force. See Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004); Dalton v. Ashcroft, 257 F.3d 200, 207 (2d Cir. 2001).

Fourth, § 924(c)(3) is narrower and clearer than § 924(e)(2)(B) in that it "contains the explicit temporal qualifying limitation of occurring in the course of committing the offense[, which] is a qualification that the Supreme Court found conspicuously and problematically missing in ACCA's residual clause." Dervishaj, 2016 WL 1019357, at *7; see Johnson, 135 S. Ct. at 2559. The question of how remote the risk must be from the predicate crime is therefore not present for § 924(c)(3).

Fifth, whereas the Supreme Court in Johnson found significant its "repeated failures to craft a principled and objective standard out of the residual clause" of § 924(e)(2)(B) and the numerous splits among the lower federal courts as to how to apply the ACCA, Johnson, 135 S. Ct. at 2559, § 924(c)(3) has faced far less confusion

11

in the lower courts and has been largely perceived as having been construed in a principled and objective way, see, e.g., Dervishaj, 2016 WL 1019357, at *7; United States v. Hunter, No. 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 23, 2015).

Based on the foregoing, the Court concludes that the logic of Johnson does not extend to invalidate the residual clause of § 924(c)(3). The two statutes are substantially and materially different; each difference, moreover, cuts in favor of finding § 924(c)(3) to be narrower and more determinate than § 924(e)(2)(B). Under these circumstances, the Court finds no basis to conclude that § 924(c)(3) is unconstitutionally vague.[4] The Court observes, furthermore, that this conclusion is supported by the substantial majority of other courts that have considered this issue in the wake of Johnson and upheld the constitutionality of § 924(c)(3)'s residual clause. See, e.g., United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016); Dervishaj, 2016 WL 1019357, at *9; United States v. Quashie, No. 14-CR-376 (BMC), 2016 WL 638052, at *5 (E.D.N.Y. Feb. 17, 2016); United States v. Green, No. CR RDB-15-0526, 2016 WL 277982, at *4-5 (D. Md. Jan. 22, 2016); United States v. Tsarnaev, No. CR 13-10200-GAO, 2016 WL 184389, at *14 (D. Mass. Jan. 15, 2016); United States v. Prickett, No. 3:14-CR-30018, 2015 WL 5884904, at *2-3

---

[4] The Court recognizes that courts in other circuits have invalidated 18 U.S.C. § 16(b), which uses language that is materially identical to § 924(c)(3), under Johnson's analysis. See United States v. Gonzalez-Longoria, 813 F.3d 225, 235 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189 (5th Cir. 2016); United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015). Those cases are distinguishable because § 16(b) is entirely unrelated to § 924(c)(3), and none of the courts identified above stated that their reasoning extended beyond the particular context of the statute before them. Furthermore, even if those courts would extend their reasoning to § 924(c)(3), this Court is not bound by these decisions and rejects their reasoning as unpersuasive. Nothing in those decisions alters the Court's determination that there are material distinctions between § 924(c)(3) and § 924(e)(2)(B) that warrant different treatment with respect to the vagueness inquiry.

(W.D. Ark. Oct. 8, 2015).  Accordingly, because the residual clause in 18 U.S.C. § 924(c)(3) is not unconstitutionally vague, Vasquez's conviction on Count Three was proper and his § 2255 motion lacks merit.

III.    CONCLUSION

For the reasons set forth above, Vasquez's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).  The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith.  See Feliz v. United States, Nos. 01 Civ. 5544(JFK), 00 CR. 53(JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of the Court is directed to terminate the motion at ECF No. 571 in 13-cr-58 and to terminate the action in 16-cv-3871.

SO ORDERED.

Dated:      New York, New York
            July 11, 2016

                                          _____
                                              KATHERINE B. FORREST
                                              United States District Judge

Copy to:
Domingo Vasquez
67879-054
Federal Correction Institution Berlin
P.O. Box 9000
Berlin, NY 03570

13